## RICHARD GENT *v.* COMMONWEALTH.

**Causes for Reversal in Criminal Case.**

> This court can reverse a criminal cause only for an error of law committed to the defendant's prejudice. Questions of fact are for the jury.

**Weight of the Evidence.**

> The Court of Appeals will not reverse a criminal cause on the weight of the evidence.

APPEAL FROM MERCER CIRCUIT COURT.

April 1, 1884.

OPINION BY JUDGE PRYOR:

While the testimony in this case may not be such as would impress the court that there is no reasonable doubt from the facts as to the guilt of the accused, still this court can reverse only for an error of law committed to the defendant's prejudice. Questions of fact are for the jury, and they no doubt believed that the accused fired the first shot, else the verdict would have been an acquittal. The testimony on the part of the commonwealth conduced to such a conclusion, and while that on the part of the defense may have been more convincing, still the testimony may have impressed the minds of the jury differently from the impression made upon this court or counsel, when reading the facts as spread upon the record. They had the witnesses before them, saw their mode of testifying, their means of knowing that the facts stated were true or false, and the interest manifested either for or against the accused; and with a judge who supervised the trial during its progress to its completion overruling the motion for a new trial it is better to leave the decision of such issues with the court below, and such is the legislative will on the subject. What Ben Smith told his brother, Henry, was properly excluded. Ben was not a party to the controversy, and detailed no fact to Henry that was communicated to him by Jordan or Gent, and if he had this would have been clearly incompetent. Parker was allowed to state that after Jordan was shot Henry Smith brought to the witness a pistol that had fresh blood on it, and that he handed it to Ben Smith. The jury had before it in this way a circumstance at least con-

ducing to show that there was another pistol used than the one fired by the accused, and still they believed from the evidence that there was nothing in the plea of self-defense.

The instructions were all proper. They presented the entire law of the case, and gave to the defendant the full benefit of his plea that he acted in self-defense. It was made prominent by the instruction given and we perceive no reason for reversing the judgment below. Judgment *affirmed*.

*E. H. Gaithern, for appellant.*

*P. W. Hardin, for appellee.*